UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                              CIVIL CASE NO. 08-12781

v.

WENDY L. RICKETT,              HONORABLE STEPHEN J. MURPHY, III

                Defendant
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

Now before the Court is the plaintiff's motion for summary judgment, filed on August 11, 2008 [docket entry #5]. The plaintiff's claim arises from the defendant's alleged failure to repay two student loans taken out by the defendant on December 14, 1978 and March 23, 1979. The plaintiff asserts that as a matter of law, the plaintiff is entitled to judgment in its favor in the amount of $1,936.20, plus interest from the date of the filing of the complaint until the date of judgment.

After a complete review of the filings, the Court finds that oral argument would not aid in the determination of this matter. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the Court has concluded that summary judgment in favor of the plaintiff is appropriate.

### LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment

"should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435-36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, when a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

Once the moving party carries the initial burden of demonstrating that there are no genuine issues of material fact in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). As the United States Supreme Court has stated, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see Celotex*, 477 U.S. at 322-23; *Matsushita*, 475 U.S. at 586-87.

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990) (Gadola, J.), aff'd, 929 F.2d 701 (6th Cir. 1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252; *see Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

ANALYSIS

In the present case, the Court has reviewed the motion for summary judgment and

the supporting documentation.  The Court notes that the defendant has failed to file a response to the motion.  Local Rule 7.1(b) for the Eastern District of Michigan requires that a "respondent opposing a motion **must** file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(b) (emphasis added).  Local Rule 7.1(d)(1)(B) requires that responses to dispositive motions are due within twenty-one (21) days of service of the motion.  E.D. Mich. L. R. 7.1(d)(1)(B).  Because the plaintiff's August 11, 2008 motion for summary judgment was a dispositive motion, the defendant's response was due on or about September 4, 2008.  *See* Fed. R. Civ. P. 6(e).  As a result of the defendant's failure to file a response, the Court considers the motion as unopposed.

Examining the motion and the supporting documentation, the Court finds that summary judgment in favor of the plaintiff is appropriate. The documentation demonstrates that the defendant executed two loans from the Detroit Institute of Technology, one on December 14, 1978 and one on March 23, 1979, each in the amount of $500.00.  See Def.'s Mot. Summ. Judg., Ex. C.  The loans were made pursuant to the federally-funded National Direct Student Loan program, authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa et seq.  *Id.*, Ex. B.  The defendant defaulted on these loans on May 2, 1980, and, therefore, the Detroit Institute of Technology assigned all rights and title in these loans to the Department of Education.  *Id.*  The interest and administrative fees on the loans now total $1,936.20 as of the date of the filing of the complaint.  Def.'s Mot. Summ. Judg., p. 4.  The plaintiff has submitted a "Certificate of Indebtedness," establishing prima facie evidence of the plaintiff's claims, *see United States*

*v. Lawrence*, 276 F.3d 193, 196-97 (5th Cir. 2001), and the validity of that Certificate has been established by a Department of Education Loan Analyst in a sworn affidavit. *Id.*, Ex. A. The defendant has not rebutted this prima facie case and, therefore, there is no issue of genuine material fact left for trial. *Anderson*, 477 U.S. at 256; *Lucas*, 738 F. Supp. at 217. As a result, summary judgment in favor of the plaintiff is appropriate.

## CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that the plaintiff's motion for summary judgment [docket entry #5] is granted.

**IT IS FURTHER ORDERED** that the plaintiff is entitled to $1,936.20, plus interest from the date of the filing of the complaint until the date of the judgment.

**SO ORDERED.**

                         s/Stephen J. Murphy, III
                         Stephen J. Murphy, III
                         United States District Judge

Dated: November 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 12, 2008, by electronic and/or ordinary mail.

                         s/Alissa Greer
                         Case Manager